**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN FRIBERG; ALEXA STANFILL,<br>Plaintiffs,<br>v.<br>CP MANUFACTURING, LLC,<br>Defendant. | Case No. 26-cv-04264-BAS-VET<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE (ECF No. 2)** |

Presently before the Court is Defendant's motion to strike Plaintiffs' prayer for punitive damages pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 2.) Plaintiffs filed an opposition (ECF No. 3), and Defendant replied (ECF No. 5). The Court finds Defendant's motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). Upon review, the Court **DENIES** the motion.

In its motion, Defendant argues striking a prayer for punitive damages is proper when those damages are not recoverable as a matter of law. (ECF No. 2 at 3) (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996)). However, this holding from *Bureerong* was specifically abrogated sixteen years ago. In *Whittlestone*, the Ninth Circuit held that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a

matter of law." *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 976 (9th Cir. 2010). Like in *Whittlestone*, Defendant here is "really . . . attempt[ing] to have certain portions of [Plaintiffs'] complaint dismissed or to obtain summary judgment against [Plaintiffs] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *See id.* at 974. Defendant's motion is improper under binding precedent. *See Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 582 F. Supp. 3d 725, 738 (S.D. Cal. 2022) ("Motions to strike claims for damages are not allowed at all." (citing *Whittlestone*, 618 F.3d at 976)); *see also Shannon A. v. Anderson*, No. 11-cv-00718-GEB-GGH, 2012 WL 5398478, at *6 (E.D. Cal. Nov. 2, 2012) (denying motion to strike punitive damages on the basis of unavailability as a matter of law even where defendant simultaneously challenged the sufficiency of allegations of "oppression, fraud, or malice").

Pleadings are of limited importance in federal practice. *See Bureerong*, 922 F. Supp. at 1478. Plaintiffs are not entitled to punitive damages merely because they request them in the complaint. If at the time of summary judgment or trial it appears Plaintiffs are unable to recover such damages, either as a matter of law or for failure to prove them up, the Court will not present the question of punitive damages to the trier of fact. Defendant's motion to strike Plaintiffs' prayer for punitive damages is therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 23, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**